UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| Jane Doe (L.M.)<br><br>                Plaintiff,<br><br>    v.<br><br>42 Hotel Raleigh, LLC d/b/a Hilton Hampton Inn and Hilton Domestic Operating Company Inc.,<br><br>                Defendants. | Case No. 5:23-cv-00235-FL |

### DEFENDANT HILTON DOMESTIC OPERATING COMPANY INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 7.1 of the United States District Court for the Eastern District of North Carolina, Defendant Hilton Domestic Operating Company Inc. ("Hilton") submits this Memorandum in Support of its Motion to Stay Discovery ("Motion to Stay") pending a ruling on Hilton's Motion for Summary Judgment, Dkt. No. 77. For the reasons stated herein, Hilton respectfully requests its Motion to Stay be granted.

### Nature of the Case

Plaintiff alleges that she was criminally trafficked at a Hampton Inn (the "Raleigh Hampton Inn") owned and operated by a Hilton franchisee, 42 Hotel Raleigh, LLC ("42 Hotel"). She filed the original complaint on April 28, 2013. Compl., Dkt. No. 1. Plaintiff claims that Hilton and 42 Hotel had a "continuous business relationship" with her alleged trafficker who rented rooms at the Raleigh Hampton Inn "through April 2013," in violation of the TVPRA. Third Am. Compl. ¶¶ 110–13, Dkt. No. 51; Pl.'s Br. Opp'n to 42 Hotel's Mot. Dismiss 23, Dkt. No. 31.

Through discovery, it became clear that there is no evidence to support Plaintiff's theory of a venture between the hotel and her trafficker, as there are no records of room rentals by Plaintiff or her trafficker during the relevant timeframe—which "prove[s]" that the rentals "did not occur," FED. R. EVID. 803(7). Moreover, Hilton's "conduct remained actionable" under the TVPRA ten-year limitations statute only to the extent the conduct "took place April 28, 29, or 30, 2013," *L.M. v. 42 Hotel Raleigh, LLC* (*L.M. I*), 717 F. Supp. 3d 464, 467 n.4 (E.D.N.C. 2024), but Plaintiff testified unequivocally that her trafficking at the Raleigh Hampton Inn ended in February 2013. Pl. L.M. Dep. Tr. (L.M. Dep.) 43:16–24, Dkt. No. 81. Because of the complete lack of evidence and because in any event Plaintiff's claims are time-barred under the TVPRA, Hilton filed a Motion for Summary Judgment on November 20, 2025. Dkt. No. 77. Hilton now seeks a stay of discovery pending the Court's decision on its Motion for Summary Judgment.

Absent a stay, the following discovery deadlines remain in this matter: (1) fact discovery will close January 21, 2026; (2) any supplemental disclosures under Rule 26(e) must be served by March 11, 2026; and (3) expert and other disclosures under Rule 26(a)(2) must be served by Plaintiff by February 23, 2026, and by Hilton by March 19, 2026, with expert discovery to close April 21, 2026.

**Legal Standard**

A court may stay discovery "pending resolution of [a] dispositive motion[]" through the court's "discretion" under Federal Rule of Civil Procedure 26(c). *S.J. v. Lendlease (US) Pub. P'ship Holdings*, 2022 WL 138689, at *1 (E.D.N.C. Jan. 13, 2022) (quoting *Remy v. Lubbock Nat'l Bank*, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019)); *see, e.g.*, *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. 2004)). In particular, this Court has granted stays pending motions for summary judgment. *United States v. $40,000.00 in U.S. Currency*, 365 F. Supp. 3d 623, 625 (E.D.N.C. 2019) (Flanagan, J.) (noting Court had

granted motion to stay discovery pending determination of motion for summary judgment); *Yongo v. Nationwide Affinity Ins. Co. of Am.*, 2008 WL 516744, at *3 (E.D.N.C. Feb. 25, 2008) (staying obligation to respond to discovery pending ruling on motion for judgment on the pleadings and alternative motion for summary judgment).

Several factors support the issuance of a stay: "the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *S.J.*, 2022 WL 138689, at *1 (quoting *Yongo*, 2008 WL 516744, at *2 and *Tilley*, 270 F. Supp. 2d at 735). That additional discovery is not necessary to defend against a dispositive motion also favors issuing a stay. *Id.* (quoting *Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020)); *Yongo*, 2008 WL 516744, at *2 (citing *Tilley*, 270 F. Supp. 2d at 734); *see also* FED. R. CIV. P. 56(d). In general, a court might also consider "the length of the requested stay; any hardship to the moving party if the action is not stayed; potential prejudice to the non-movant; and interests of judicial economy, including the potential avoidance of duplicative litigation." *Thomas v. U.S. Dep't of Just./Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 2025 WL 2992228, at *1 (E.D.N.C. Oct. 23, 2025).

**Argument**

The Court should grant Hilton's Motion to Stay because the relevant factors weigh decisively in favor of staying discovery while Hilton's Motion for Summary Judgment is pending.

*First*, Hilton's Motion for Summary Judgment is a "dispositive motion" that, if granted, would "terminate" "all the claims against" Hilton. *See S.J.*, 2022 WL 138689, at *1 (quoting *Yongo*, 2008 WL 516744, at *2 and *Tilley*, 270 F. Supp. 2d at 735). Hilton's Motion for Summary Judgment addresses all of Plaintiff's allegations against Hilton; therefore, resolution in favor of

Hilton would dispose of all the claims against it. *See* FED. R. CIV. P. 56 adv. comm. note (characterizing summary judgment as a "method for promptly disposing of actions").

*Second*, there is "strong support" for Hilton's Motion for Summary Judgment "on the merits." *See S.J.*, 2022 WL 138689, at *1 (quoting *Yongo*, 2008 WL 516744, at *2 and *Tilley*, 270 F. Supp. 2d at 735). Discovery conducted to date yielded *no evidence* that Hilton participated in a venture violating the TVPRA. There are no records of Plaintiff or her trafficker having stayed at the Raleigh Hampton Inn, meaning there was no "business relationship" at all. Even crediting Plaintiff's allegation that her trafficker rented rooms at the Raleigh Hampton Inn to traffic her six times over four months, L.M. Dep. 59:2–9, such irregular and infrequent stays, booked at arms-length, are insufficient to establish any "continuous business relationship" between the trafficker and the hotel, let alone Hilton as the hotel's franchisor. *See* Third Am. Compl. ¶¶ 110–13. Further, Plaintiff's claims fail because Plaintiff's complaint is time-barred in its entirety by the TVPRA's ten-year statute of limitations. 18 U.S.C. § 1595(c). Her complaint was filed on April 28, 2013, but she was allegedly last trafficked at the Raleigh Hampton Inn in "February 2013," more than ten years prior. *See* L.M. Dep. 43:16–24. Because no "actionable" "conduct" "took place April 28, 29, or 30, 2013," the complaint must be dismissed. *L.M. I*, 717 F. Supp. 3d at 467 n.4. Therefore, Hilton has strong support for its Motion for Summary Judgment on the merits.

*Third*, additional discovery would be "irrelevan[t]" "to the dispositive motion," and it is not necessary for Plaintiff to "gather facts to defend against" the motion. *See S.J.*, 2022 WL 138689, at *1 (quoting *Yongo*, 2008 WL 516744, at *2 and *Tilley*, 270 F. Supp. 2d at 735). Specifically, discovery has "no bearing on the outcome of the[] claims" when "the claims fail as a matter of law" and when "the discovery sought has no bearing on an issue of material fact." *Tilley*, 270 F. Supp. 2d at 735, 747–48. As previewed above, there are no room records associated with

Plaintiff or her trafficker. Hilton comprehensively searched its room records for the relevant names in the relevant timeframe, and none exists. The alleged room rentals thus "did not . . . occur," and no amount of discovery will reveal additional business records or other corroborating evidence to support Plaintiff's repeated-rentals theory of liability. *See* FED. R. EVID. 803(7). Plaintiff has supplemented her discovery responses on three occasions, and still there is no support for her claims. Additional discovery (fact, expert, or otherwise) will not make Plaintiff's claims factually true. In any event, as explained above, Plaintiff's case is time-barred as a matter of law. No amount of discovery will make Plaintiff's claim timely after Plaintiff unequivocally testified that the last time she was allegedly trafficked at the Raleigh Hampton Inn was in "February 2013"—outside of the TVPRA statute of limitations. *See* L.M. Dep. 43:16–24.

*Finally*, other factors favor a stay as well. *See Thomas*, 2025 WL 2992228, at *1 (granting motion to stay, considering the "expeditious and comprehensive disposition of all claims"). The "length of the requested stay" is limited, as Hilton requests a stay only until the Court decides its Motion for Summary Judgment. *See id.* (stay pending ruling on motion to dismiss considered "a short delay"). Plaintiff would not be prejudiced by this delay. *See id.*[1] (noting that "a short delay" "does not appear" to "particularly prejudice[]" the plaintiff). If the action is not stayed, Hilton would face the hardship of continuing to waste time and great cost on discovery for claims that fail as a matter of law; judicial economy favors a stay for the same efficacy reasons. *See id.* Accordingly, granting a stay is warranted to conserve the resources of the parties and the Court.

\* \* \*

For these reasons, Hilton respectfully requests that this Court grant its Motion to Stay.

---

[1] Plaintiff has indicated she intends to seek additional time to respond to Hilton's Motion for Summary Judgment to conduct additional discovery, yet Plaintiff has done *nothing* to pursue any discovery in this case in the over three months that have elapsed since her August 27, 2025 deposition.

Dated: December 4, 2025

Brandon S. Neuman
North Carolina Bar No. 33590
NELSON MULLINS RILEY &
SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: +1.919.329.3878
Email: brandon.neuman@nelsonmullins.com

Respectfully submitted,

*/s/ Nicole M. Perry*
Nicole M. Perry, *Special Appearance*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: +1.832.239.3939
Email: nmperry@jonesday.com

Bethany K. Biesenthal, *Special Appearance*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Email: bbiesenthal@jonesday.com

Ana Maria Cristina Pérez Soto, *Special Appearance*
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: +1.305.714.9700
Email: cperezsoto@jonesday.com

ATTORNEYS FOR DEFENDANT HILTON DOMESTIC OPERATING COMPANY INC.

## CERTIFICATE OF SERVICE

I, Nicole M. Perry, certify that on December 4, 2025, I caused the foregoing, Hilton's Memorandum in Support of Its Motion to Stay, to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

*/s/ Nicole M. Perry*
Nicole M. Perry

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.2(f)(3)

I hereby certify that the forgoing Memorandum in Support of Its Motion to Stay complies with the word limit requirement set forth in Local Rule 7.2(f)(3), as this Memorandum contains 1,578 words.

*/s/ Nicole M. Perry*
Nicole M. Perry