UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| Jane Doe (L.M.), an individual <br><br> Plaintiff <br><br> v. <br><br> 42 HOTEL RALEIGH, LLC d/b/a HILTON HAMPTON INN AND HILTON DOMESTIC OPERATING COMPANY, INC. <br><br> Defendants. | No. 5:23-cv-00235-FL |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF FED. R. CIV. P. 56 (d) MOTION TO DENY DEFENDANTS' SUMMARY JUDGMENT MOTIONS WITHOUT PREJUDICE OR CONTINUE PLAINTIFF'S RESPONSE DEADLINE TO ALLOW FOR DISCOVERY**

Plaintiff Jane Doe (L.M.) submits this Memorandum of Law in support of her Fed. R. Civ. P. 56(d) Motion to Deny Defendants' Summary Judgment Motions Without Prejudice or Continue Plaintiff's Response Deadline to Allow for Discovery.[1]

### INTRODUCTION

Federal Rule of Civil Procedure 56(d) is intended to protect against premature summary-judgment motions. *McCray v. Md. DOT*, 741 F.3d 480, 484 (4th Cir. 2014). It is well established that such motions are "broadly favored and should be liberally granted." *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). Here, Defendants filed sweeping

---

[1] On December 4, 2025, Plaintiff reached out to counsel for Hilton to confer about the filing of this motion. During this same call, Hilton raised filing a motion to stay, which it subsequently filed later the same day on December 4, 2025.

1

summary-judgment motions—requiring Plaintiff to produce evidence on every element of her TVPRA claims and to rebut Defendants' statute-of-limitations defense—more than a month before fact discovery closes, months before Plaintiff's expert disclosure deadline, and nearly five months before discovery closes. Discovery is still underway, several elements of a TVPRA claim depend on information largely within Defendants' possession, and Plaintiff has submitted a declaration from her counsel explaining the specific discovery Plaintiff intends to pursue within the parameters of the existing scheduling order, which is directly relevant to opposing Defendants' motions. Under these circumstances, the Court should grant Plaintiff's Rule 56(d) motion and either deny Defendants' motions without prejudice to refiling or continue Plaintiff's response deadline until discovery closes on April 21, 2026.

## BACKGROUND

On July 2, 2025, the parties filed a Joint Motion to Modify the Case Management Order. (ECF No. 74). In that motion, the parties explained: "The parties have been diligent in discovery, having responded to all written discovery requests, and the parties are in the process of reviewing each party's responses. Moreover, the parties have entered a protective order. They have engaged in numerous communications regarding deposing the Plaintiff as well as remaining desired fact witnesses and experts, but their schedules are difficult." (*Id.*). The Court granted the joint motion on July 3, 2025. (ECF No. 75). Under the amended schedule, discovery closes on April 21, 2026; dispositive motions are due May 21, 2026; and Plaintiff's expert disclosures are due February 23, 2026. (*Id.*).

Despite this agreed-upon schedule, Hilton Domestic Operating Company, Inc. ("Hilton") filed a motion for summary judgment on November 19, 2025, with Plaintiff's response due December 9, 2025. Hilton argues that Plaintiff fails to raise a genuine issue of material fact on

each element of her direct-liability claim, that Hilton cannot be held vicariously liable for 42 Hotel, and that Plaintiff's claims are barred by the statute of limitations. On November 24, 2025, 42 Hotel Raleigh, LLC d/b/a Hilton Hampton Inn ("42 Hotel") filed its own summary-judgment motion, with a response due December 15, 2025. 42 Hotel argues that Plaintiff cannot raise a genuine issue on her beneficiary or perpetrator claims, and likewise asserts that the statute of limitations bars her claims.

Within the parameters of the current scheduling order, Plaintiff intends to depose defense witnesses whose testimony will be directly relevant to opposing these motions. Specifically, at minimum, Plaintiff plans to take Rule 30(b)(6) depositions of both Hilton and 42 Hotel. (Declaration of Counsel, Exhibit 1 "Ex. 1" ¶ 7). These depositions are expected to produce information relevant to responding to multiple elements of Defendants' summary-judgment motions. (Ex. 1 ¶¶ 8-9). Plaintiff also intends to serve expert disclosures in this matter, and her experts will offer testimony directly relevant to the issues raised in Defendants' motions. (Ex. 1 ¶¶ 10-13). But Plaintiff cannot produce expert opinions at this early stage, more than two months before her disclosure deadline and before obtaining the deposition transcripts that her experts will reviewing when forming their opinions. (Ex. 1 ¶ 10).

## ARGUMENT

"[S]ummary judgment is not appropriate prior to the completion of relevant discovery." *Mason v. Health Mgmt. Assocs., LLC*, 638 F. Supp. 3d 566, 569 (W.D.N.C. 2022). Rule 56(d) actualizes this principle, allowing a district court faced with a motion for summary judgment to defer considering the motion, deny the motion, allow time for discovery, or issue any other appropriate order upon a sufficient showing by the non-moving party that it "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Accordingly, 56(d) relief is warranted

3

where the non-movant submits an affidavit or declaration identifying specific discovery the party intends to pursue and explaining how that discovery is expected to produce information relevant to opposing summary judgment. *See, e.g.*, *Haworth, Inc. v. Janumpally*, 5:17-CV-423-FL, 2019 U.S. Dist. LEXIS 91048, at *9 (E.D.N.C. May 31, 2019); *Hartsock v. Goodyear Dunlop Tires N. Am. Ltd.*, No. 2:13-cv-00419, 2015 U.S. Dist. LEXIS 175333, at *6 (D.S.C. July 30, 2015). A need to conduct a party's 30(b)(6) deposition on relevant issue provides adequate justification for relief under Rule 56(d). *See, e.g.*, *Rasberry v. AECOM Tech. Corp.*, No. 1:12cv1318, 2013 U.S. Dist. LEXIS 194578, at *2 (E.D. Va. Apr. 5, 2013). The justification for relief under Rule 56(d) can apply to all discovery, including a party's intention to develop expert testimony. *Farabee v. Gardella*, 131 F.4th 185, 193 (4th Cir. 2025). A party's intent to produce an expert witness who will offer testimony relevant to a summary-judgment motion also justifies relief under Fed. R. Civ. P. 56(d) when that party's deadline for disclosing expert witnesses has not come. *See, e.g., Simpson v. McCoy*, No. 3:23-CV-00322, 2024 U.S. Dist. LEXIS 102991, at *5 (W.D.N.C. June 10, 2024). Here, Plaintiff submits a declaration from counsel detailing the additional depositions that Plaintiff intends to conduct and the information she expects to obtain that bears directly on her ability to oppose Defendants' summary-judgment motions. Several elements of Plaintiff's TVPRA claims turn on information that remains largely within Defendants' possession, making Rule 56(d) protection particularly important. *See Pledger v. Lynch*, 5 F.4th 511, 526 (4th Cir. 2021); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 247 (4th Cir. 2002).

The declaration that Plaintiff submits also establishes that Plaintiff intends to rely on expert testimony in this lawsuit but that, months ahead of the scheduling order deadline, she is not prepared to produce her expert evidence. (Ex. 1 ¶ 10). Not only is this forthcoming expert testimony relevant to responding to Defendants' arguments on multiple elements of Plaintiff's

4

TVPRA claims, but it is also relevant to rebutting Defendants' defense based on the statute of limitations. Courts have recognized the relevance of expert testimony to questions about tolling of the limitations period in TVPRA cases. *A.B. v. Interstate Mgmt. Co., LLC*, No. 3:23-cv-00388-IM, 2025 LX 508279, at *16 (D. Or. Nov. 21, 2025) (denying summary judgment motion on statute of limitations grounds in TVPRA case based, in part, on expert testimony).

Moreover, Plaintiff's need for further discovery does not stem from any lack of diligence. Plaintiff is not using Rule 56(d) to request any modification of the scheduling order; she is acting within the parameters of the timeline jointly proposed by the parties in their July 2, 2025, Joint Motion to Modify the Case Management Order, which expressly acknowledged the parties' discovery diligence and explained the practical difficulties of scheduling discovery in this case. (Ex. 1 ¶¶ 2-4). A Court's scheduling order informs what is considered adequate time for discovery. *Decker v. Statoil USA Onshore Props.*, 5:15CV114, 2016 U.S. Dist. LEXIS 143058, at *5 (N.D.W. Va. Oct. 17, 2016); *Alps Prop. v. Poteat Law Firm, LLC*, No. 3:21-cv-603-JFA, 2022 U.S. Dist. LEXIS 237787, at *5 (D.S.C. Feb. 17, 2022) (granting relief under Rule 56(d) based on non-movant's stated need to conduct deposition where there were five months left for discovery in the scheduling order at the time the summary-judgment motion was filed). And when parties jointly stipulate to extension of a discovery period, the non-moving party is entitled to the benefit of that discovery period to conduct discovery relevant to opposing a summary-judgment motion. *Sauer Inc. v. Lexington Ins. Agency Inc.*, 5:13-CV-180, 2014 U.S. Dist. LEXIS 44588, at *6 (E.D.N.C. Apr. 1, 2014). Because Plaintiff still has ample time to conduct the relevant discovery within the parameters of this scheduling order, she should not be required to respond to Defendants' early summary-judgment motions now without the benefit of this relevant discovery.

## CONCLUSION

Plaintiff thus requests that the Court deny Hilton and 42 Hotel's summary-judgment motions without prejudice to refiling after the close of discovery or, alternatively, continue Plaintiff's response deadline discovery closes on April 21, 2026.

**PROVOST★UMPHREY LAW FIRM, L.L.P.**

By: */s/ Matthew C. Matheny*
MATTHEW C. MATHENY
350 Pine Street, Suite 1100
Beaumont, Texas 77701
Ph: 409-835-6000
Fax: 409-813-8652
mmatheny@pulf.com
TX State Bar No. 24039040
*Lead Counsel for Plaintiff*
*Notice of Special Appearance filed*

**ANNIE MCADAMS PC**

Annie McAdams
1150 Bissonnet
Houston Texas 77005
Ph: 713-785-6262
Fax: 888-713-0451 Facsimile
annie@mcadamspc.com
TX State Bar No. 2405104
*Lead Counsel for Plaintiff*
*Notice of Special Appearance filed*

**WILSON LAW, P.A.**

KIMBERLY WILSON WHITE
434 Fayetteville St., Suite 2060
Raleigh, NC 27601
Ph: 919-890-0180
Fax: 919-890-8703
kim@wilsonlawpa.com
NC State Bar No. 30044
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

.

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF filing system which will send notification of electronic filing (NEF) to all counsel of record.

/s/ Matthew Matheny  
Matthew Matheny